UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAHLIL EMERY,

                    Plaintiff,

  -against-

THE UNITED STATES OF AMERICA, THE UNITED
STATES DEPARTMENT OF TRANSPORTATION,
FEDERAL AVIATION ADMINISTRATION and
WILLIAM DAUGHERTY,

                    Defendants.
------------------------------------------------------------------------X

Docket No.: _____

**COMPLAINT**

Jury trial demanded

      Plaintiff, complaining of the Defendants, by his attorneys, KORSUNSKIY LEGAL GROUP, P.C. alleges for his complaint, upon information and belief, as follows:

## THE PARTIES

1. At all times relevant to this complaint, the Plaintiff, KAHLIL EMERY, is a resident of the City and State of New York, County of Queens.

2. At all times relevant to this complaint, upon information and belief, the Defendant THE UNITED STATES OF AMERICA is the government of the United States of America.

3. At all times relevant to this complaint, upon information and belief, the Defendant THE UNITED STATES DEPARTMENT OF TRANSPORTATION is an agency of The United States of America.

4. At all times relevant to this complaint, upon information and belief, the Defendant FEDERAL AVIATION ADMINISTRATION is an agency of The United States of America.

5. At all times relevant to this complaint, upon information and belief, the Defendant WILLIAM DAUGHERTY was an employee of the Defendant THE UNITED STATES OF AMERICA, acting within the course and scope of his employment.

6. At all times relevant to this complaint, upon information and belief, the Defendant WILLIAM DAUGHERTY was an employee of the Defendant THE UNITED STATES DEPARTMENT OF TRANSPORTATION, acting within the course and scope of his employment.

7. At all times relevant to this complaint, upon information and belief, the Defendant WILLIAM DAUGHERTY was an employee of the Defendant FEDERAL AVIATION ADMINISTRATION, acting within the course and scope of his employment.

## THE UNDERLYING FACTS

8. At all times relevant to this complaint, the Plaintiff KAHLIL EMERY operated a motor vehicle bearing New York license plate GWU8484 ("VEHICLE 2").

9. At all times relevant to this complaint, the Defendant THE UNITED STATES OF AMERICA owned a motor vehicle bearing license plate 2381P ("VEHICLE 1").

10. At all times relevant to this complaint, the Defendant THE UNITED STATES DEPARTMENT OF TRANSPORTATION owned a motor vehicle bearing license plate 2381P ("VEHICLE 1").

11. At all times relevant to this complaint, the Defendant FEDERAL AVIATION ADMINISTRATION owned a motor vehicle bearing license plate 2381P ("VEHICLE 1").

12. At all times relevant to this complaint, the Defendant DAUGHERTY was the operator of ("VEHICLE 1").

13. For purposes of this complaint, the term "ACCIDENT TIME" shall mean August 22, 2019 at or about 7:01 a.m.

14. For purposes of this complaint, the term "ACCIDENT LOCATION" shall mean Rockaway Boulevard near Inwood Street, in the City of New York, County of Queens, State of New York.

15. Upon information and belief, at all times relevant to this complaint the ACCIDENT LOCATION is a public roadway in the State of New York.

16. Upon information and belief, at or about the ACCIDENT TIME, the Defendant DAUGHERTY was operating VEHICLE 1 at the ACCIDENT TIME, at the ACCIDENT LOCATION, proceeding eastbound on Rockaway Boulevard, City and State of New York.

17. Upon information and belief, at the ACCIDENT TIME, the Defendant DAUGHERTY caused VEHICLE 1 to strike VEHICLE 2 in the rear.

18. As a result, a collision occurred causing the Plaintiff to become injured.

19. As a result of the collision described above, the Plaintiff was caused to suffer severe and permanent personal injuries including: rendered sick, sore, lame and disabled; injuries to neck and back; injuries to left shoulder; probable bulging and/or herniated discs; radiating pain; Plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; Plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan(s); Plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; Plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; Plaintiff's ability to pursue usual duties and vocation has been impaired; Plaintiff has become substantially disabled; Plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and Plaintiff has been otherwise damaged; upon information and belief, the cost to the Plaintiff of life insurance and/or disability insurance

has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

## COMPLIANCE WITH FEDERAL TORT CLAIMS ACT

20. At least six (6) months before the commencement of this action, the Plaintiff presented these claims in writing to The United States of America, The United States Department of Transportation and the Federal Aviation Administration, and neither The United States of America, The United States Department of Transportation, the Federal Aviation Administration nor any department or agency thereof, have resolved or denied the claim.

21. Accordingly, pursuant to 28 USC §2675 Plaintiff is permitted to maintain this suit.

## AS AND FOR A FIRST CLAIM FOR RELIEF

22. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

23. At all times mentioned herein, Plaintiff was caused to suffer severe and permanent personal injuries due to the recklessness, carelessness and negligence of the Defendants such injuries being set forth in detail above.

24. Among other things, the Defendants were each reckless, careless and negligent in: striking VEHICLE 2 in the rear; failing to maintain a safe distance behind other vehicles; colliding with another vehicle; failing to assess traffic conditions; failing to use due caution; failing to see what should be seen; in failing to comport driving to the prevailing traffic conditions; failing to maintain a proper lookout; failing to yield the right of way; failing to obey the traffic signs and traffic control devices in violating applicable laws, rules and regulations; failing to make proper

use of mirrors, horns, brakes and other safety devices; and the Defendant was otherwise reckless, careless and negligent.

25. As a result of the Defendants recklessness, carelessness and negligence the Plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

26. The Plaintiff has suffered serious injuries as defined by the No Fault Insurance Law of the State of New York and is thus permitted to bring this action.

27. The Plaintiff is not seeking in this cause of action to recover any moneys which are or should be paid through no fault insurance.

28. If any Plaintiff executes a release in this action, such Plaintiff does not intend to release any claims by any insurance carrier for any moneys paid for no-fault benefits or any claims for subrogation or any claims other than the Plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under no fault.

29. The Defendant THE UNITED STATES OF AMERICA is vicariously liable for the actions of the Defendant DAUGHERTY pursuant to New York Vehicle and Traffic Law §388 and the Federal Tort Claims Act.

30. The Defendant THE UNITED STATES DEPARTMENT OF TRANSPORTATION is vicariously liable for the actions of the Defendant DAUGHERTY pursuant to New York Vehicle and Traffic Law §388 and the Federal Tort Claims Act.

31. The Defendant FEDERAL AVIATION ADMINISTRATION is vicariously liable for the actions of the Defendant DAUGHERTY pursuant to New York Vehicle and Traffic Law §388 and the Federal Tort Claims Act.

32. The Defendants are jointly and severally liable subject to the exceptions in CPLR §1602.

33. By reason of the foregoing, the Plaintiff is entitled to recover the full extent of their damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
August 15, 2022

/s/ *Denis Korsunskiy*

_____
Denis Korsunskiy, Esq.
KORSUNSKIY LEGAL GROUP, P.C.
Attorneys for Plaintiff
KAHLIL EMERY
1674 East 22nd Street
Brooklyn, NY 11229
T: (718) 758-4755
File No.: 000083